# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES E. CHANEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-831-HE |
| | ) |
| UNITED PARCEL SERVICE INC., et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2]. The Application has been assigned to the undersigned and pursuant to *Lister v. Dep't of Treasury*, 408 F.3d 1309 (10th Cir. 2005), and the following recommendation is submitted to Chief United States District Judge Joe Heaton.

Plaintiff is required to pay a fee of $400.00 to commence his civil action.[1] Pursuant to 28 U.S.C. § 1915(a), however, a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783 at *1 (10th Cir. April 23, 1999) (unpublished op.) ("The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court."). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister*, 408 F.3d at 1312.

Proceeding in forma pauperis "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. State of Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a motion to proceed in forma pauperis, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. Factors the court may consider in exercising its discretion include:

---

[1] The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $50.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

"whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citations omitted). But, "a person should not be denied the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not 'absolutely destitute.'" *Id.* (citation omitted).

Plaintiff's Application shows a total monthly income of $1301.00 consisting of $280.00 per month in gross wages and $1,021.00 per month in social security disability benefits. Plaintiff states that he has $10.00 in a checking or savings account. And, Plaintiff identifies his monthly expenses as totaling $510.00 per month. Plaintiff also identifies "medical" as "debts or financial obligations" but does not list any amounts associated therewith.

In *Brewer*, the plaintiff's "monthly income exceed[ed] his monthly expenses by a few hundred dollars." The court denied the plaintiff's request to proceed in forma pauperis even though there was "no evidence that Mr. Brewer [was] acting in bad faith or attempting to take advantage of the system" because "it also appear[ed] he had sufficient income to pay the filing fees at the time th[e] appeal was sought." *Id.*[2] *See also Westgate v. Astrue*, No. 08-4136-JAR, 2008 WL 5110906 at *1 (D. Kan. Dec. 2, 2008) (unpublished op.) (denying in forma pauperis motion where

---

[2] As observed by one court:

> At the time of the ruling in *Brewer v. City of Overland Park Police Department*, the filing fee for the appeal was $100.00." *See* 28 U.S.C.A. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeded his monthly expenses by $242.00.

*Padilla v. Clark*, No. CIV-15-0746 JB/KK, 2016 WL 545444 at *2 n. 2 (D. N.M. Jan. 13, 2016) (unpublished op.) (*citing Brewer v. City of Overland Park Police Department*, No. 01–3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001)).

total monthly income from all sources exceed[ed] [the plaintiff's] monthly expenses by $364.00" and therefore, the plaintiff 'would be able to pay the filing fee in th[e] case by using his discretionary income from one month").

In this case, as disclosed in Plaintiff's Application, his monthly income exceeds his monthly expenses by nearly $800.00. Clearly, Plaintiff has limited income. "While this Court does not suggest that [the plaintiff] is wealthy or has lots of money to spend, [he] does appear to have discretionary income and/or assets [and] [i]t appears that she has the ability to spend her discretionary funds on filing fees if [he] desires." *Lewis v. Center Market*, No. CIV-09-306-JB/RHS, 2009 WL 5217343 at *3 (D. N.M. Oct. 29, 2009) (unpublished op.). Plaintiff is not a prisoner, and therefore, the special concerns attendant to prisoner cases is not present.

Upon consideration of the relevant factors and Plaintiff's financial condition as set forth in his Application, it appears Plaintiff has the ability to pay the filing fee. Therefore, Plaintiff does not qualify to proceed in forma pauperis.

## RECOMMENDATION

It is recommended that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] be denied. It is further recommended that if Plaintiff does not pay the $400.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to refiling, pursuant to LCvR 3.3(e).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objection must be filed with the Clerk of the Court on or before August 28, 2017. Plaintiff is further advised that failure to make timely objection to this

Report and Recommendation waives her right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 7th day of August, 2017.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE